UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number: 18-60093-CR-Dimitrouleas

UNITED STATES OF AMERICA,

Plaintiff,

vs.

BRIAN WALKENHORST,

Defendant.

_____ /

**APPENDIX OF CASES FOR
DEFENDANT'S SENTENCING MEMORANDUM**

The Defendant, Brian Walkenhorst, by and through his undersigned counsel, James S. Benjamin, Esquire, Benjamin, Aaronson, Edinger & Patanzo, PA, submits this Appendix of cases referenced in his sentencing memorandum and cited in United States v. R.V., 14-CF-0316 (Weinstein, J) at pp 91 - 95;

United States v. Kelly, 868 F. Supp. 2d 1201, 1211 (D.N.M. 2012) (defendant received and downloaded 580 images of child pornography; [Defendant]'s advisory Guideline sentence of 87 to 108 months imprisonment is far greater than necessary to punish and deter his conduct and protect the public.  This is largely due to serious flaws in U.S.S.G. 2G2.2, which was not drafted pursuant to the Sentencing Commissions' usual expertise, and all too frequently generates unjustly excessive terms of incarceration.")

United States v. Marshall, 870 F. Supp. 2d 489, 491-92 (N.D. Ohio 2012) ("Under the

1

guidelines, some of the recommended sentences for viewers can, with enhancements, be higher than those for actual predators . . . In effect, the Guidelines presume that those who view child pornography are indistinguishable from those who actually abuse children."

United States v. Stark, 2011 WL 555437, at *7 (D. Neb. Feb. 8, 2011) (defendant downloaded over 100 image files, and had multiple hard drives containing over 2,000 images, 5,000 videos and 650,000 images of child erotica; "[T]he child pornography Guidelines are driven by Congressional directives and are not grounded in any scientific, statistical or empirical method . . . Although downloading child pornography is hardly a harmless activity, it is not the equivalent of direct physical abuse or sexual molestation of children or production of pornography involving children.  The court finds that the ranges of imprisonment recommended under the Guidelines may be appropriate for a sexual predator, but are not a reliable appraisal of a fair sentence in this case.")

United States v. Price, 2012 WL 966971, at *12 (C.D. Ill. Mar. 21, 2012) (images of defendant's daughter along with 937 still images and 221 videos of other children alleged to be child pornography were found on defendant's computer; "[C]hild pornography crimes fall within a spectrum . . . This Court finds that a below-Guideline sentence is needed in this case in order to avoid unwarranted sentencing disparities but also to avoid unwarranted sentencing similarities among defendants convicted of dissimilar conduct.")

United States v. Cameron, 2011 WL 890502, at *4 (D. Me. Mar. 11, 2011) ("[Defendant] is subject to nearly a ten-fold greater punishment for possessing images of

someone else sexually abusing a minor then he would receive if he had committed the actual abuses himself.")

United States v. Beiermann, 599 F. Supp. 2d 1087, 1105 (N.D. Iowa 2009) (defendant pled guilty to knowingly transporting, receiving and possessing child pornography across state lines, in total 2,600 images of potentially 370 different victims; "This guideline, thus, blurs logical difference between least and worst offenders, contrary to the goal of producing a sentence no greater than necessary to provide just punishment . . . The sentencing court must consider the need to avoid unwarranted similarities among defendants who are not similarly situated, as well as unwarranted disparities among defendants who are similarly situated."

United States v. Cruikshank, 667 F. Supp. 2d 697, 702 (S.D.W. Va. 2009) (defendant convicted of possessing or knowingly accessing with intent to view child pornography; "There is nothing redeeming or even understandable about this crime.  But judges must objectively consider whether the sentence imposed further the goals of punishment.  To do so, we must differentiate between those who create child pornography and those who consume it . . . In an instance of troubling irony, an individual who sitting alone, obtained images of sexually exploited children on his computer, could receive a higher sentence than the Guidelines would recommend for an offender who actually rapes a child.")

United State v. Burns, 2009 WL 3617448, at *7-8 (N.D. Ill. Oct 27, 2009) (defendant was convicted on two counts of receiving and distributing child pornography with a

3

"relatively small collection of illegal images"; sentenced to 72 months, below the Guidelines range of 235-293 months.)

United States v. Johnson, 588 F. Supp. 2d 997, 1004-07 (S.D. Iowa 2008) (refusing to "give too much weight to the sentencing guidelines, given their lack of empirical support" and finding that a sentence well below the Guidelines range was warranted.)

United States v. Autery, 555 F. 3d 864, 867 (9th Cir. 2009) (Affirming non-Guidelines sentence of five years of probation and no period of incarceration for possession of child pornography.")

United States v. Stall, 581 F.3d 276 (6th Cir. 2009) (affirming non-Guidelines sentence of one day incarceration followed by ten-year period of supervised release.)

United States v. Prisel, 316 F. App'x 377 (6th Cir. 2008) (affirming non-Guidelines sentence of one day in prison followed by eighteen months of home confinement for possession child pornography.)

United States v. Rowan, 530 F. 3d 379 (5th Cir. 2008) (affirming non-Guidelines sentence of five years of probation and no period of incarceration for possession of child pornography.)

United States v. Polito, 215 App'x 354 (5th Cir. 2007) (per curiam) (affirming non-Guidelines sentence of five years of probation with one year of house arrest for possession of child pornography.)

United States v. Mallatt, 2013 WL 6196946, at *13 (D. Neb. Nov. 27, 2013) (sentence

of time served, followed by six years of supervision with special conditions including intensive treatment is adequate to fulfill the goals of sentencing.)

United States v. Diaz, 720 F. Supp. 1039 (E.D. Wis. 2010) (imposing non-Guidelines sentence of six months of incarceration followed by twelve years' supervised release.)

United States v. Meillier, 650 F. Supp. 2d 887 (D. Minn. 2009) (imposing non-Guidelines sentence of one day of confinement followed by thirty years of supervised release.)

/s/ James S. Benjamin
JAMES S. BENJAMIN, ESQ.
Benjamin, Aaronson, Edinger & Patanzo, P.A.
1700 East Las Olas Blvd., Suite 202
Fort Lauderdale, Florida 33301
(954) 779-1700
sexlaw@bellsouth.net
Fla. Bar No. 293245

*Counsel to Brian Walkenhorst*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed with the CM/ECF system and that a copy was furnished, through the system, to Francis Viamontes, Assistant United States Attorney, this 30th day of October, 2018.

/s/ James S. Benjamin
JAMES S. BENJAMIN

5